Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5191 | **DATE** | July 5, 2012 |
| **CASE TITLE** | Dwain F. Holloway (N-42089) vs. Capt. James A. Howell Federal Health Care Center | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $48.33 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Dwain F. Holloway, an inmate at the Dixon Correctional Center, has brought this *pro se* action.
    Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $48.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of a transfer to another facility.
    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's complaint.
    Plaintiff alleges that on August 2, 2010, he was an inpatient in the psychiatric ward of the Captain James A. Lovell Federal Health Care Center. That night, Plaintiff was attacked by another patient who placed Plaintiff in a choke-hold. Plaintiff alleges that the patient was supposed to be monitored at all times due to his violent nature and previous attacks on others. Plaintiff alleges that at the time of the attack, the patient was not being monitored. Plaintiff names the Captain James A. Lovell Federal Health Care Center as the sole Defendant and indicates that he is filing suit under 42 U.S.C. § 1983.
    First, the only named Defendant, a federal health care center, cannot be sued under Section 1983 because it is not a state actor. To be liable under the Civil Rights Act, an individual must have both acted under color of state law (a state, county or municipal defendant) and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004).
    In light of Plaintiff's allegations regarding a federal health care center, Plaintiff may be attempting to raise a claim pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). However, the Captain James A. Lovell Federal Health Care Center is still not a suable entity. *See Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (*Bivens* recognizes "in limited circumstances a claim for money damages against federal officers who abuse

| STATEMENT |
|---|

their constitutional authority); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994) (federal agency is immune from suit under *Bivens*); *Commodity Futures Trading Comm'n v. Hunt*, 591 F.2d 1211, 1224 (7th Cir. 1979) . If Plaintiff is attempting to raise a *Bivens* claim, he must name the individuals that were allegedly deliberately indifferent to his safety as the proper Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662,676 (2009). It is further noted that any *Bivens* claim has a two year statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Thus, Plaintiff must name the individuals alleged to have violated his constitutional rights prior to the running of the statute of limitations (which appears to be August 2, 2012).

Plaintiff may also possibly be attempting to raise an action under the Federal Tort Claims Act (FTCA). The Government has enacted a broad waiver of that immunity through the FTCA, which authorizes suits against the Government for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b); *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997) (*Calderon*). However, the FTCA requires that a plaintiff must first present his claim with the appropriate federal agency within two years of the claim accruing and he must file suit within six months of the final denial of his claim to agency to which his claim was presented. 28 U.S.C. § 2401(b). Plaintiff does not indicate whether he has filed a claim with the appropriate federal agency and that he filed this suit within six months of the final denial of that claim (assuming one was filed).

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff's allegations must include sufficient facts to put the proper Defendant(s) on notice of the claims against him/her. Plaintiff should also confirm that he has fully complied with 28 U.S.C. § 2401(b) if he is bringing a FTCA claim. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.